# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

DAWN MAGGARD and DARRELL MAGGARD, )
individually and as next friends and parents of )
Holly Maggard and Audrey Maggard, )
HOLLY MAGGARD, and AUDREY MAGGARD, )
              )
   Plaintiffs,       )    Civil No. 3:05-0369
             )     Judge Trauger
v.             )
             )
FORD MOTOR COMPANY,    )
             )
   Defendant.      )

## MEMORANDUM and ORDER

   The defendant has filed a Motion to Amend the Joint Pretrial Order (Docket No. 160), to

which the plaintiffs have responded in opposition (Docket No. 162), and the defendant has

replied (Docket No. 165).

   On December 29, 2006, the parties filed a joint Proposed Pretrial Order (Docket No. 75),

which contained the theories that the parties intended to pursue at trial.  This order was signed by

the court and filed as the (final) Joint Pretrial Order on January 5, 2007.  (Docket No. 111)

Under the defendant's "Contentions" in this order appears Ford's theory: "Plaintiff Dawn

Maggard was injured because she got out of the Windstar, *leaving its engine running, and*

*without putting it in Park*, without removing the key from the ignition or without setting the

parking brake, anyone of which alone would have prevented this accident from occurring."  (*Id.*

at 6) Ford seeks to modify this final pretrial order by striking the italicized words from its theory.

Case 3:05-cv-00369   Document 167   Filed 11/30/07   Page 1 of 3 PageID #: 2950

It seems obvious to the court that, in preparing for the pretrial conference, Ford had decided that its best theory was the one expressed in the Proposed Pretrial Order–that the engine was left on. This theory allowed Ford to make a powerful comparative negligence argument against Dawn Maggard–that she got out of the car in the driveway and left the engine running, with her two small daughters near the car–one that prevailed at trial with a finding that Ms. Maggard was 20 percent at fault.

The Joint Pretrial Order, entered following the pretrial conference, states that "this pretrial order supplants the pleadings." (Docket No. 111 at 1) At no time did Ford attempt to change its theory by striking language from the pretrial order until almost two months after the return of the jury verdict, when it filed its reply to the plaintiffs' response to Ford's motion for new trial. Ford's argument is that it fairly raised its alternative theory of how the accident happened–that the engine was *off*, and Dawn Maggard slipped and pulled the gear lever from Park to Reverse--in its expert witness reports and that this court was in error in foreclosing it from asserting that alternative theory when it made rulings on motions in limine at the pretrial conference. So as not to be faced with an argument on appeal from the plaintiffs that this issue was waived by the defendant because of the wording of its theory in the pretrial order, it wishes this court to strike language from its theory that appears in the pretrial order.

Rule 16(e), FED. R. CIV. P., provides, in part: "The order following a final pretrial conference shall be modified only to prevent manifest injustice." Most of the cases discussing this rule present situations where a party wishes to modify the pretrial order after the pretrial conference but *before* the trial. Most of the cases cited by both of the parties present this scenario, including *Spence v. Miles Laboratory, Inc.*, 810 F.Supp. 952, 966 (E.D. Tenn. 1992),

*aff'd on other grounds,* 37 F.3d 1185 (6th Cir. 1994), on which the defendant heavily relies.

Moreover, the circuits have different standards for the granting of such modifications in final

pretrial orders. Fortunately, one of the few Sixth Circuit cases discussing the modification of

final pretrial orders presents an analogous factual situation--a party attempting to vary *after trial*

the theory on which it had proceeded *at trial* as reflected in the final pretrial order. *Daniels v.*

*Board of Educ. of Ravenna City School*, 805 F.2d 203 (6th Cir. 1986). The district court refused

to consider the theory that had been asserted post-trial but that did not appear in the final pretrial

order, and the Sixth Circuit upheld that ruling. *Daniels*, 805 F.2d at 210.

This court cannot find that "manifest injustice" will be done to defendant Ford if this

motion is denied. It will be for the appellate court to determine whether the defendant may

contest this court's pretrial rulings on motions in limine under the facts of this case. The

defendant's Motion to Amend the Joint Pretrial Order (Docket No. 160) is **DENIED**.

It is so **ORDERED**.

ENTER this 30th day of November 2007.

_____
ALETA A. TRAUGER
U.S. District Judge

3